IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COMFORT RESEARCH, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>IDEA NUOVA INC.,<br><br>    Defendant. | Case No:<br><br>Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, COMFORT RESEARCH, LLC ("PLAINTIFF" or "COMFORT RESEARCH"), by and through its undersigned counsel, for its Complaint against Defendant, IDEA NUOVA INC., ("DEFENDANT" or "IDEA NUOVA") states the following. Allegations made on information and belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**NATURE OF THE CASE**

1. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §1, *et seq.* ("Federal Patent Act").

2. This is also an action for copyright infringement under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §101, *et seq.* ("Federal Copyright Act").

3. This is further an action in law and equity for trademark infringement, false advertising, and false designations of origin and false and misleading descriptions and representations under §43(a) of the Lanham Act.

4. This is yet further an action for deceptive trade practice in violation of Michigan's Consumers Protection Act.

5. DEFENDANT, in an improper attempt to unlawfully profit from the product development, innovation, and long-term success of COMFORT RESEARCH's furniture products, falsely advertise, distribute, and sell a plurality of knockoff furniture products in direct violation of The Federal Patent Act, The Federal Copyright Act, The Lanham Act, and Michigan Law – among others.

6. COMFORT RESEARCH seeks injunctive and monetary relief to the fullest extent possible under The Federal Patent Act, The Federal Copyright Act, The Lanham Act, and Michigan Law, as well as any such other relief as the equities of the case may require and as this Court may deem just and proper.

## PARTIES

7. COMFORT RESEARCH, LLC is a Michigan limited liability company having a principal place of business at 1719 Elizabeth Avenue NW, Grand Rapids, Michigan 49504.

8. Upon information and belief IDEA NUOVA INC. is a corporation organized under the laws of New York, having a principal place of business at 302 5th Avenue, 5th Floor, New York, New York 10001.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over the subject matter by virtue of at least one of 15 U.S.C. §§1121 and 28 U.S.C. §§1331, 1338(a), and 1338(b).

10. This Court has supplemental jurisdiction over any state law and common law claims under 28 U.S.C. §1367(a).

11. Upon information and belief this Court has personal jurisdiction over DEFENDANT, and venue is proper in this judicial district pursuant to at least one of 28 U.S.C. §§1391(b)(2), 1391(c), 1400(a), and 1400(b). DEFENDANT is actively doing business in this judicial district, and/or has committed certain acts of patent infringement, copyright infringement, trademark infringement, false advertising and/or false designations of origin and false descriptions under the Lanham Act, in this judicial district. DEFENDANT solicits retailers in this district using sales brochures that comprise copyrighted material owned by COMFORT RESEARCH. Moreover, DEFENDANT represents to retailers that the products in the sales brochures are registered designs conceived by DEFENDANT – when, in fact, they are direct knockoffs of existing products developed by COMFORT RESEARCH. Additionally, DEFENDANT makes, distributes, offers for sale, and/or sells a plurality of furniture products in the State of Michigan. DEFENDANT also sells one or more of the products-in-suit to Michigan consumers via one or more commercially actives websites. Upon information and belief DEFENDANT is subject to the personal jurisdiction of this Court and is amenable to service of process pursuant to the Michigan long-arm statute, MI ST

3

600.705 (2003), and Fed. R. Civ. P. 4(e). Requiring DEFENDANT to respond to this action will not violate due process.

## BACKGROUND

12. COMFORT RESEARCH is, among other things, a long-standing leader in the innovation, design, and manufacture of furniture products. COMFORT RESEARCH manufactures, distributes, and sells its beanbags, chairs, loungers, loveseats, ottomans, pet beds, and poolside products to companies and end users throughout the United States.

13. COMFORT RESEARCH is actively philanthropic both locally and nationally – donating thousands of chairs, as well as proceeds from the sales of chairs, to organizations such as Bethany Christian Services, Boys and Girls Club of Holland, Boys and Girls Club of Grand Rapids, Children's Advocacy Center, Gilda's Club of Grand Rapids, Grand Rapids Public and Private Schools, Northwest Arkansas Children's Shelter, The Wounded Warrior Project, and Sunshine on a Ranney Day – just to name a few.

14. COMFORT RESEARCH is a generally non-litigious company and it welcomes fair competition in the marketplace. In fact, COMFORT RESEARCH believes that fair competition is healthy for customers and it also enables COMFORT RESEARCH to even better serve its customers.

15. While COMFORT RESEARCH invites fair competition in the marketplace, DEFENDANT, in an improper attempt to unlawfully profit from the product development, innovation, and goodwill of COMFORT RESEARCH, as

well as impede the benevolent missions of COMFORT RESEARCH, has begun an unfairly competitive sales and marketing campaign. In particular, DEFENDANT solicits retailers with sales brochures that comprise copyrighted material owned by COMFORT RESEARCH. In addition, DEFENDANT represents to retailers that the products in the sales brochures are registered designs conceived of by DEFENDANT – when, in fact, they are direct knockoffs of existing products developed by COMFORT RESEARCH that are protected by United States Patents, Trademarks, and Copyrights. DEFENDANT has even gone so far as to sell its own products using stolen and photoshopped photographs of COMFORT RESEARCH's products.

16. COMFORT RESEARCH now seeks the intervention of this Court, to restore fair competition in the marketplace.

## **COUNT I – PATENT INFRINGEMENT**

17. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-16 of this Complaint as if fully set forth herein.

18. Prior to May 8, 2014, Daniel C. George II and Matthew Jung conceived of a novel chair that has become known as the Milano Chair.

19. On May 8, 2014, Daniel C. George II and Matthew Jung filed a patent application directed to the Milano Chair.

20. On October 28, 2014, the United States Patent and Trademark Office issued U.S. Design Patent No. D716,064 ("the '064 patent"), entitled "Milano Chair." (Exhibit A).

5

21. All rights in the '064 patent have been assigned to COMFORT RESEARCH. COMFORT RESEARCH is the sole owner of the '064 patent and has the right to enforce and recover damages for infringement of the '064 patent.

22. DEFENDANT makes or has made, uses, offers to sell and/or sells one or more frameless chairs (*e.g.*, the chairs sold at Walmart Stores, Inc. having the UPC code 784857571875, Walmart No. 552614669, Walmart No. 553221795, etcetera) which infringe upon one or more claims of the '064 patent in this judicial district and elsewhere in the United States in violation of 35 U.S.C. §271.

23. Infringement of the '064 patent by DEFENDANT has caused, and will continue to cause, COMFORT RESEARCH to suffer damages, including, but not limited to, lost sales, lost profits, lost royalties and/or price erosion in an amount to be determined by the trier of fact.

24. Unless restrained and enjoined by this Court, DEFENDANT will continue to infringe the '064 patent, resulting in substantial, continuing and irreparable damages to COMFORT RESEARCH.

25. The actions of DEFENDANT are "exceptional" within the meaning of 35 U.S.C. §285.

## COUNT II – COPYRIGHT INFRINGEMENT

26. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-25 of this Complaint as if fully set forth herein.

27. COMFORT RESEARCH is a business which, among other things, designs, develops, and manufactures innovative and distinctive furniture.

28. Each new piece of COMFORT RESEARCH's furniture and its associated photographs are original works subject to copyright protection under United States Law.

29. On April 22, 2014, COMFORT RESEARCH filed a copyright application entitled Big Joe Milano 1.0.

30. Big Joe Milano 1.0 comprises an original work of authorship fixed in a tangible medium of expression within the meaning of the Copyright Act of 1976, 17 U.S.C. §101 *et seq.*, as amended. Therefore, it constitutes copyrightable subject matter under the laws of the United States.

31. On April 22, 2014, the United States Copyright Office issued United States Copyright Registration No. VA 1-902-254 ("the '254 registration") entitled "Big Joe Milano 1.0." (Exhibit B).

32. All rights in the '254 registration have been assigned to COMFORT RESEARCH. COMFORT RESEARCH is the sole owner of the '254 registration and has the right to enforce and recover damages for infringement of the '254 registration.

33. COMFORT RESEARCH believes, and therefore alleges, that DEFENDANT has knowingly and willfully copied the '254 registration (Exhibit C).

34. As a direct and proximate result of the DEFENDANT's acts of infringement, COMFORT RESEARCH has suffered and will continue to suffer, irreparable injury.

35. The DEFENDANT's conduct is causing and, unless enjoined and

permanently restrained by this Court, will continue to cause COMFORT RESEARCH great and irreparable injury that cannot be fully compensated or measured in money. COMFORT RESEARCH has no adequate remedy at law.

36. COMFORT RESEARCH is entitled to recover all damages suffered as a result of the DEFENDANT's wrongful acts, including but not limited to profits obtained by DEFENDANT as a result of their wrongful acts and the loss of profits sustained by COMFORT RESEARCH. In the alternative, COMFORT RESEARCH is entitled to recover statutory damages in an amount to be determined by the Court. COMFORT RESEARCH is also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of DEFENDANT's infringement.

37. Notably, DEFENDANT's copyright infringement is willful and systemic. (Exhibits D, E).

## COUNT III - FALSE ADVERTISING

38. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-37 of this Complaint as if fully set forth herein.

39. COMFORT RESEARCH has conceived of and designed a plurality of novel articles of furniture.

40. DEFENDANT, in commercial advertisements and solicitations, falsely represents to others, including COMFORT RESEARCH's customers, that DEFENDANT's products are a "Registered design and concept by Idea Nuova, Inc." (Exhibits D, E).

41. DEFENDANT's representation that it's products are a "Registered design and concept by Idea Nuova, Inc." is literally false because they are stolen from COMFORT RESEARCH rather than a concept of DEFENDANT.

42. Upon information and belief, DEFENDANT's representation that it's products are a "Registered design and concept by Idea Nuova, Inc." is also literally false because they are not registered and/or rightfully registered.

43. DEFENDANT's statements identified herein either deceived or had the capacity to deceive a substantial segment of potential customers and/or customers.

44. DEFENDANT's deception is material because it is likely to influence the consumer's purchasing decision – especially when the consumer is led to believe that DEFENDANT's products are original and registered.

45. DEFENDANT's deception constitutes a false or misleading description and representation that is likely to cause confusion and to cause mistake, and to deceive customers.

46. DEFENDANT's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to COMFORT RESEARCH's business, reputation and goodwill. COMFORT RESEARCH has no adequate remedy at law.

## COUNT IV – TRADEMARK INFRINGEMENT

## AND FALSE DESIGNATION OF ORIGIN

47. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-46 of this Complaint as if fully set forth herein.

48. Continuously since at least as early as December 31, 2003, COMFORT RESEARCH has used its mark DORM BAG in connection with and to identify its frameless furniture and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials distributed extensively in interstate commerce throughout the United States including in the State of Michigan. (Exhibit F).

49. Continuously since at least as early as December 31, 2007, COMFORT RESEARCH has used its mark FLIP LOUNGER in connection with and to identify its frameless furniture and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on its products and advertising and promotional materials distributed extensively in interstate commerce throughout the United States including in the State of Michigan. (Exhibit G).

50. In addition, as of the date of the filing of this complaint, COMFORT RESEARCH is actively engaged in expanding its use of these marks in connection with frameless furniture in interstate commerce throughout the United States including in the State of Michigan.

51. DEFENDANT has infringed COMFORT RESEARCH's marks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of frameless furniture which displays the marks FLIP LOUNGER and DORM CHAIR thereon of a type virtually identical to the type of products offered by COMFORT RESEARCH. (Exhibits D, E).

52. DEFENDANT's use of the marks FLIP LOUNGER and DORM CHAIR in connection with frameless furniture is without permission or authority of COMFORT RESEARCH and said use is likely to cause confusion, to cause mistake and/or to deceive.

53. DEFENDANT's use of the marks FLIP LOUNGER and DORM CHAIR is without permission or authority of COMFORT RESEARCH and either expressly or impliedly indicates that the DEFENDANT's furniture is affiliated with, connected to, associated with, sponsored by, and/or approved by COMFORT RESEARCH.

54. DEFENDANT's use of the marks FLIP LOUNGER and DORM CHAIR in connection with frameless furniture has been made notwithstanding COMFORT RESEARCH's well known and prior established rights in the trademarks FLIP LOUNGER and DORM BAG and with actual and/or constructive notice of COMFORT RESEARCH's trademark rights.

55. Upon information and belief, DEFENDANT's infringing activities have caused and, unless enjoined by this Court, will continue to cause,

irreparable injury and other damage to COMFORT RESEARCH's business, reputation and goodwill in its FLIP LOUNGER and DORM BAG trademarks, including diversion of customers, lost sales and lost profits.

56. DEFENDANT's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of COMFORT RESEARCH's business reputation and goodwill.

57. COMFORT RESEARCH has no adequate remedy at law.

## COUNT V – UNFAIR COMPETITION

58. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-57 of this Complaint as if fully set forth herein.

59. DEFENDANT's activities as stated herein constitute unfair competition under the Lanham Act and Michigan law.

60. Upon information and belief, DEFENDANT's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to COMFORT RESEARCH's business, reputation and goodwill. COMFORT RESEARCH has no adequate remedy at law.

## **COUNT VI – MICHIGAN CONSUMER PROTECTION ACT VIOLATION**

61. COMFORT RESEARCH repeats and realleges the allegations contained in Paragraphs 1-60 of this Complaint as if fully set forth herein.

62. DEFENDANT's activities as stated herein constitutes deceptive trade practice in violation of Michigan's Consumers Protection Act.

63. Upon information and belief, DEFENDANT's wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill. COMFORT RESEARCH has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, COMFORT RESEARCH respectfully demands judgment against DEFENDANT as follows:

A. Declaring that DEFENDANT has infringed the '064 patent;

B. Pursuant to 35 U.S.C. §283, permanently enjoining and restraining DEFENDANT and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of the '064 patent;

C. Pursuant to 35 U.S.C. §284, awarding to COMFORT RESEARCH damages, including lost profits, together with prejudgment interest, post judgment interest, and costs, adequate to compensate COMFORT RESEARCH for DEFENDANT's acts of infringement of the '064 patent;

D. Declaring that DEFENDANT's infringement has been willful and that this is an exceptional case pursuant to 35 U.S.C. §285 and awarding COMFORT RESEARCH treble damages and reasonable attorneys' fees against DEFENDANT for infringement of the '064 patent;

E. Declaring that DEFENDANT has infringed one or more copyrights of COMFORT RESEARCH;

F. Preliminarily and permanently restrain and enjoin DEFENDANT from further infringement of COMFORT RESEARCH's copyrights;

G. Order the impoundment and destruction of all infringing works;

H. Order DEFENDANT to pay damages adequate to compensate

COMFORT RESEARCH for the acts of copyright infringement by DEFENDANT and DEFENDANT'S profits from its sales of goods in violation of the law as described in this Complaint;

    I. Order DEFENDANT to pay statutory damages, pursuant to 17 U.S.C. §504(c) for willful infringement;

    J. Order DEFENDANT to pay COMFORT RESEARCH's expenses, interest, and costs including reasonable attorney's fees, pursuant 17 U.S.C. §505;

    K. That a permanent injunction issue restraining DEFENDANT, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the marks FLIP LOUNGER and DORM CHAIR in connection with furniture, from unfairly competing with COMFORT RESEARCH, from engaging in unfair and deceptive trade practices and from injuring COMFORT RESEARCH business reputation, pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116);

    L. That DEFENDANT be required to account to COMFORT RESEARCH for DEFENDANT's profits and the actual damages suffered by COMFORT RESEARCH as a result of DEFENDANT's acts of infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that COMFORT RESEARCH recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

    M. That DEFENDANT be ordered to surrender for destruction all

nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing FLIP LOUNGER and DORM CHAIR trademarks, pursuant to Section 36 of the Lanham Act (15 U.S.C. §1118);

N. That DEFENDANT be compelled to pay COMFORT RESEARCH's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

O. Declaring that DEFENDANT has infringed at least one of the patent(s), trademark(s), and copyright(s) of COMFORT RESEARCH;

P. Preliminarily and permanently restrain and enjoin DEFENDANT from further infringement of COMFORT RESEARCH's patent(s), trademark(s), and copyright(s);

Q. Order DEFENDANT to pay damages adequate to compensate COMFORT RESEARCH for the acts of patent, trademark and/or copyright infringement by DEFENDANT and DEFENDANT'S profits from its sales of goods in violation of the law as described in this Complaint;

R. Order DEFENDANT to pay all applicable statutory damages including exceptional and/or treble damages;

S. Order DEFENDANT to pay COMFORT RESEARCH's expenses, interest, and costs including reasonable attorney's fees;

T. Order DEFENDANT to pay COMFORT RESEARCH for rehabilitative advertising and price point restoration; and

U. Awarding COMFORT RESEARCH such other and further relief as the

Court deems just and proper.

## JURY TRIAL DEMAND

COMFORT RESEARCH respectfully demands a trial by jury on all issues so triable.

                                                        Respectfully submitted,

                                                        COMFORT RESEARCH, LLC,

Dated: November 24, 2015            /s/ William L. King III
                                                      William L. King III
                                                      KING & PARTNERS, PLC
                                                      170 College Avenue, Suite 230
                                                      Holland, Michigan 49423
                                                      T (616) 355-0400
                                                      F (616) 355-9862
                                                      wking@king-partners.com

                                                      Jonathan A. Harris
                                                      AXINN, VELTROP & HARKRIDER LLP
                                                      90 State House Square
                                                      Hartford, Connecticut 06103
                                                      T (860) 275-8100
                                                      F (860) 275-8101
                                                      jah@avhlaw.com

                                                      Attorneys for Plaintiff